

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00252-CR

KENDALL BATCHELOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 451st District Court
Kendall County, Texas[1]
Trial Court No. 8946, Honorable Kirsten B. Cohoon, Presiding

August 17, 2023

ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kendall Batchelor, appeals her conviction for intoxicated manslaughter[2] and sentence to twenty years' confinement. The appellate record was originally due July 24, 2023. The clerk's record was filed by this deadline. However, the reporter's record was not timely filed because Appellant did not request preparation or make payment

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 49.08(b).

arrangements for the record. *See* TEX. R. APP. P. 20.2; 35.3(b)(2), (3). By letter of July 20, 2023, we directed Appellant to request preparation of the record and make any necessary payment arrangements by July 31 or we would remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). The reporter has notified the Court that Appellant has not requested preparation of the record to date. And, Appellant has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court to determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      why Appellant has not timely requested preparation of the reporter's record;

4.      whether Appellant is entitled to have the reporter's record furnished without charge pursuant to Rule of Appellate Procedure 20.2;

5.      if Appellant is not entitled to have the reporter's record furnished without charge, the date appellant will make acceptable payment arrangements for the reporter's record;

6.      whether Appellant's counsel has abandoned the appeal;

7.      whether Appellant has been denied the effective assistance of counsel; and

8.      whether new counsel should be appointed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 18, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new

2

counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

It is so ordered.

Per Curiam

Do not publish.